**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7097**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

WILLIAM TERRENCE CROSS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Chief District Judge. (2:03-cr-00010-RBS-1)

Submitted: November 2, 2012          Decided: November 6, 2012

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

William Terrence Cross, Appellant Pro Se. Laura Pellatiro Tayman, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Terrence Cross seeks to appeal his conviction for tampering with a witness and retaliation against a witness. In criminal cases, the defendant must file the notice of appeal within fourteen days after the entry of judgment.[1] Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on August 1, 2003. The notice of appeal was filed on June 8, 2012.[2] Because Cross failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal. In addition, we dismiss the appeal as duplicative.

DISMISSED

---

[1] At the time judgment was entered, the appeal period was ten days. Fed. R. App. P. 4(b)(1)(A)(i) (2008). On December 1, 2009, the period was extended to fourteen days. Fed. R. App. P. 4(b)(1)(A)(i) (2009). Cross's notice of appeal was untimely under either period.

[2] For the purpose of this appeal, the date appearing on Cross's notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Houston v. Lack, 487 U.S. 266, 276 (1988).